UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 MAR 23 P 12: 12

U.S. DISTRICT COURT
DISTRICT OF MASS

| | |
|---|---|
| HOUSEHOLD FINANCE CORPORATION<br>Plaintiff, | )<br>)<br>) |
| VS. | ) No. 05CV10342MLW |
| TRACY A. KILEY A/K/A<br>TRACY KILEY ELLIOTT<br>Defendant | )<br>)<br>)<br>) |

SCANNED
DATE: 3-24-05

## MEMORANDUM IN SUPPORT OF PLAINTIFF/COUNTERCLAIM DEFENDANT'S MOTION TO AMEND COMPLAINT

Plaintiff/Counterclaim Defendant hereby submits its Memorandum of Law in support of its Motion to Amend Complaint.

FACTS:

Plaintiff/Counterclaim Defendant, ("Beneficial") is a financial services company doing business in the Commonwealth. The basis of the State Court action is a default on a loan extended by Beneficial to Defendant/Counterclaim Plaintiff, on or about June 16, 2003. The loan is evidenced by an agreement, (the "Agreement") a copy of which is attached hereto as <u>Exhibit A</u>. The Defendant/Counterclaim Plaintiff filed a Counterclaim in the State Court action, alleging, *inter alia*, violations of 15 U.S.C. § 1692, the Fair Debt Collections Practices Act, ("FDCPA"). It is Defendant/Counterclaim Plaintiff's claims under the FDCPA that allow this Court to exercise jurisdiction over this action.

Beneficial is member of the HSBC Group, as is Household Finance Corporation

II. Beneficial seeks to amend the Complaint to substitute the proper legal entity as the Plaintiff/Counterclaim Defendant.

ARGUMENT

Under Fed. R. Civ. P. 15(a), a party may seek leave of court to amend the pleadings. Under the rule, "leave shall be freely given when justice so requires." The leave shall be freely given "in the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given'," Foman v. Davis, 371 U.S. 178, 182 (U.S., 1962).

In determining if the leave sought shall be freely given, "the test is whether undue prejudice will result." Ash v. Theros Int'l Gaming, Inc., 2001 U.S. Dist. LEXIS 10952 (D. Ill., 2001). "Undue prejudice occurs when the amendment 'brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint' and when the additional discovery is expensive and time-consuming." Id (internal citations omitted). "Courts commonly permit amendments where clerical mistakes are involved and the errors were made in good faith" PE Corp. v. Affymetrix, Inc., 2001 U.S. Dist. LEXIS 15792 (D. Del., 2001).

In the instant action Beneficial extended a loan to the Defendant/Counterclaim Plaintiff. The Agreement was between Beneficial and Defendant/Counterclaim Plaintiff

not Household Finance Corporation and the Defendant/Counterclaim Plaintiff. The error in this action was merely clerical and made in good faith. Beneficial seeks to amend the complaint solely to correct this clerical error.

There is no "undue prejudice" to the Defendant/Counterclaim Plaintiff. The amendment sought is not an additional claim, the amendment does not present a different or additional legal theory, nor does the amendment sought require the Defendant/Counterclaim Plaintiff to engage in any new or additional Discovery. Thus, in this action, the leave to amend should, as the rules require, be freely given.

CONCLUSION:

For the reasons set out above, Plaintiff/Counterclaim Defendant's Motion to Amend Complaint should be allowed.

Plaintiff/Counterclaim Defendant
By its Attorneys,
Shechtman Halperin Savage, LLP,

Shawn M. Masterson, BBO#658276
86 Weybosset Street
Providence, RI 02903
(401) 272-1400 phone
(401) 272-1403 fax