UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BENEFICIAL MASSACHUSETTS INC.<br>Plaintiff,<br><br>VS.<br><br>TRACY A. KILEY A/K/A<br>TRACY KILEY ELLIOTT<br>Defendant | No. 5CV10342MLW |

## PLAINTIFF/ COUNTERCLAIM DEFENDANT'S MEMORANDUM OF IN LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Plaintiff, Beneficial Massachusetts Inc, ("Beneficial"), hereby submits its Memorandum of Law In Support Of Its Motion For Summary Judgment and Plaintiff's affidavit (the "Affidavit") the original is filed herewith and is incorporated by reference, and asks that this Court to enter judgment in favor of Beneficial and dismiss Defendant Tracy A. Kiley a/k/a Tracy Kiley Elliott's, ("Kiley") Counterclaim in its entirety.

**FACTUAL BACKGROUND**

This lawsuit arises out of a default on a promissory note dated June 16, 2003. Beneficial filed the Complaint in this matter seeking the balance of the note, interest and attorney's fees. Kiley filed her Answer to the Complaint and also filed a Counterclaim, claiming Beneficial violated G.L. ch. 93A, and 940 Code of Mass. Reg. as well as violations of 15 U.S.C. 1692, the Fair Debt Collections Practices Act ("FDCPA") in its attempts to collect this debt. Kiley's Counterclaim also states that she was filing for

protection under the bankruptcy code. Beneficial seeks judgment in its favor and to dismiss each and every count of Kiley's Counterclaim.

On or about, June 16, 2003, Beneficial extended a loan to Kiley in the principal amount of $5,999.90. The loan is evidenced by a promissory note, (the "Note"), a copy of which is attached to the Affidavit as <u>Exhibit A</u>. Pursuant to the terms of the Note, Kiley was obligated to make monthly payments in the amount of $169.14. No payments were made on the Note. (Affidavit at paragraph 5). A copy of the payment history is attached to the Affidavit as <u>Exhibit B</u>. Pursuant to the terms of the Note, Kiley is responsible for payment of reasonable attorney's fees in connection with collection of this debt.

On or about November 13, 2003, Beneficial sent Kiley, via regular mail, a Notice of Right to Cure her default on the Note. (Affidavit at paragraph 6). A copy of the Notice of Right to Cure is attached to the Affidavit as <u>Exhibit C</u>. On or about April 23, 2004, counsel for Beneficial sent a 30 day demand letter via certified and regular mail, pursuant to the FDCPA, informing Kiley of her default on the Note and demanding payment. A copy of the 30 day demand letter is attached hereto as <u>Exhibit D</u>. Kiley, failed to pay her obligation and Beneficial commenced suit. Kiley filed her Answer, admitting that she did in fact execute the Note but disagreed with the amount owed and filed her Counterclaim.

**ARGUMENT**

**I. Summary Judgment Standard**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Electric Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting, *Garside v. Osco Drug Inc.*, 895 F.2d 46, 50 (1st Cir. 1990); see also, *Zee-Bar, Inc. v. Kaplan*, 792 F.Supp. 895 (Dist. N.H. 1992). Pursuant to F.R.C.P. 56(c):

> "The judgment sought shall be rendered forthwith if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."

A party, such as Kiley, who will bear the burden of proof on an issue at trial and "who fails to make a showing sufficient to establish the existence of an element essential to that party's case," shall face the entry of summary judgment against it. *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986).

Beneficial must show the absence of an issue of material fact and has discharged this burden by showing that there is an absence of evidence to support Kiley's assertion that Beneficial violated the FDCPA and the Attorney General Regulations in an attempt to collect this debt. When the moving party shows the absence of an issue of material fact, the non-moving party must party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex* at 324. No genuine issue for trial exists where, as here, the record as a whole could not lead the trier of fact to find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II. Kiley is obligated to Beneficial pursuant to the Note.

There is no issue that a contract exists between Beneficial and Kiley. Kiley admits in her Answer that she executed the Note with Beneficial. Beneficial has shown by way of affidavit, that Kiley has failed to make payments as agreed. A copy of the payment history is attached to the Affidavit as Exhibit B.

## III. Kiley has not filed bankruptcy.

Kiley asserts in the first paragraph of her Counterclaim that she intends to file bankruptcy and had informed Beneficial of this fact. As of the date of filing this motion, there has not been a filing for Kiley in the United States Bankruptcy Court. A copy of the Pacer results are attached hereto as Exhibit E. Under, 11 U.S.C. § 362, the automatic stay, once a debtor files a petition with the bankruptcy court, all creditors are stayed from all collection efforts. As there has not yet been a bankruptcy filing for Kiley, the issue of a there being a stay imposed on Beneficial from collecting this debt is moot.

## IV. Beneficial is not a debt collector as defined in 15 U.S.C. § 1692.

15 U.S.C. § 1692, The Fair Debt Collections Practices Act, applies to debt collectors. Under § 1692(a)(6)(A) "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor; is exempt from the definition of 'debt collector.'" As Beneficial is the original creditor, Beneficial is not subject to the FDCPA. As such, Kiley claim, that Beneficial violated the FDCPA, lacks merit.

**V. Kiley has offered no evidence that Beneficial violated G.L. ch. 93A, and 940 Code of Mass. Reg**

In the second paragraph of her Counterclaim, Kiley asserts that Beneficial violated G.L. ch. 93A, and 940 Code of Mass. Reg. in attempting to collect this debt. Kiley has offered no proof, evidence or examples of any violation by Beneficial.

If Kiley is asserting that a violation of the FDCPA by Beneficial triggers Beneficial's liability under G.L. c. 93A, her argument is without merit. As a matter of law, a violation of the FDCPA would in deed trigger liability under G.L. c. 93A. "Regulations issued by the Massachusetts Attorney General provide that violations of the FDCPA are per se violations of M.G.L. c. 93A". Dean v. Compass Receivables Mgmt. Corp., 148 F. Supp. 2d 116, 119 (D. Mass. 2001). As Beneficial is the original creditor, it is not subject to the FDCPA. Hence, there can be no violation of the FDCPA that would trigger liability under G.L. c. 93A in the instant action. Kiley's claim that Beneficial violated G.L. ch. 93A, and 940 Code of Mass. Reg. in attempting to collect this debt lacks merit.

**CONCLUSION**

Beneficial has satisfied its burden in the present case by way of the pleadings filed by the parties and through the Affidavit. Therefore, Beneficial is entitled to summary judgment. The Affidavit states that Kiley is in default of her obligations to Beneficial. Kiley owes $5,999.90 in principal, plus interest of $1,138.24 and reasonable attorneys' fees.

Beneficial respectfully submits that it has established Kiley's liability. Kiley has failed to raise any valid defenses to this action nor presented any issues of material fact relating to her liability to Beneficial or the amount owed.

The applicable evidence and law conclusively show that Beneficial is entitled to summary judgment as a matter of law.

Plaintiff/Counterclaim Defendant
By its Attorneys,
Shechtman Halperin Savage, LLP,

_____
Shawn M. Masterson, BBO#658276
86 Weybosset Street
Providence, RI 02903
(401) 272-1400 phone
(401) 272-1403 fax

## Certificate of Service

I certify that the within Memorandum of in Support and all attachments were served upon the following *pro se* Defendant/Counterclaim Plaintiff by first class mail, postage prepaid, on October 13, 2005:

Tracy A. Kiley a/k/a Tracy Kiley Elliott
108 West Tashmoo Avenue
Vineyard Haven, MA 02301

_____
Shawn M. Masterson, Esquire